LOUIS OLCESE

*v.*

THE MOBILE FRUIT AND TRADING COMPANY.

*Opinion filed October 24, 1904.*

1. APPEALS AND ERRORS—*objections cannot be first raised on appeal.* Objections which might have been obviated by amendment had they been presented in the trial court will not be considered when first raised on appeal.

2. PLEADING—*recovery under the common counts may be had on executed contract.* A recovery under the common counts may be had where the evidence shows a delivery of goods to the purchaser and acceptance thereof by him, nothing remaining to be done but to make payment.

3. SALES—*seller is not obliged to exercise control after acceptance by purchaser.* After goods have been accepted by the purchaser the seller is not bound to exercise any control thereover nor to accept the price for which the goods were sold by the carrier upon the purchaser's refusal to take them from the cars, but is entitled to sue for the contract price.

4. DEPOSITIONS—*instruction may state that deposition is equivalent to oral testimony.* It is not improper to give an instruction stating a deposition is as good and competent evidence as though the witness had been present and testified orally in open court.

*Olcese* v. *Mobile Fruit Co.* 112 Ill. App. 281, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ROBERT B. SHIRLEY, Judge, presiding.

JOHN M. GARTSIDE, (JOSEPH A. HUNTER, of counsel,) for plaintiff in error.

CRATTY BROS., JARVIS & LATIMER, for defendant in error.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The defendant in error company, in an action of assumpsit, obtained judgment in the sum of $1292.10, in the circuit court of Cook county, against the plaintiff in error and oth-

ers, as partners composing the firm of L. Olcese & Co., and the judgment was affirmed in the Appellate Court for the First District on an appeal prosecuted by Louis Olcese alone. He has prosecuted this writ of error to reverse the judgment of affirmance.

The declaration contained two special counts and the consolidated common counts. The first special count averred that the defendant firm contracted in July, 1893, to purchase of the plaintiff three car-loads of bananas of the kind and quality known as "Bocas culls," and refused to accept the bananas though tendered to it in compliance with the contract, and that the plaintiff company re-sold the bananas after notice to the defendant firm, and thereby suffered a loss, for which the plaintiff company claims damages. The defendant in error concedes the evidence did not warrant a verdict upon this count. It insists the proof showed the firm accepted these bananas and failed and refused to pay for them, and relies on the common counts to authorize recovery therefor. The second special count averred that in March, 1893, the defendant firm contracted to buy of the plaintiff company two cars of bananas,—one car of "culls" and one car "straights;" that the defendant firm refused to accept the bananas when tendered to it, and that the plaintiff, after notice to the defendant firm, sold the same for the account of the defendant firm, thereby suffering a loss, for which the plaintiff instituted the suit. The consolidated common counts averred the defendant firm was indebted to the plaintiff "for divers goods, wares and merchandise and chattels sold and delivered by the plaintiff to the defendants at their special instance and request." The general issue was pleaded to the declaration.

The defendant in error company is an importer of bananas and other fruits at Mobile, Alabama. The firm of L. Olcese & Co. dealt in such fruits in Chicago, Illinois. Whether the contract was concluded between the parties for the two car-loads of bananas shipped by the defendant in error company to the said firm in March, 1893, as averred in the second special count, is to be determined, as a matter of

law, from a letter written by the firm to the defendant in error company on the 9th day of March, 1893, and the reply thereto written by the defendant in error company on the 11th day of the same month. The first paragraph of this letter written by the firm relates to a matter not germane to this controversy. The remainder of the letter is as follows:

"We intend doing a considerable business with you from now on, and if you treat us right we will order frequently. Keep us posted on prices, and also your steamers, when due. You may ship us from your first steamer one car straights and also one car culls. Fruit must be fine. Trusting the above is satisfactory to you and when you consign to give us a show, as we will at all times do our very best to realize you good returns, we remain,    Yours truly,    L. OLCESE & Co."

The defendant in error company replied as follows:

' "We are very glad to hear that you propose to deal with us right along, and we will endeavor to merit your patronage by giving you good selections at lowest market prices, and when we have consignments to make will be pleased to send you some fruit. We will fill your order for one car, each, straights and culls, and will wire you price before shipping. You may be sure of square treatment from us, as that is our way of doing business.    Very truly yours,

MOBILE FRUIT AND TRADING CO.

W. L. MURDOCK, *Sec. and Tr.*"

We cannot consider the contention of counsel for the plaintiff in error that the letter written by the defendant in error company in response to that of the firm does not read "we will fill your order," etc., and that such appears in the transcript of the letter as introduced in the bill of exceptions, but reads "we will file your order," for the reason, as admitted by counsel for plaintiff in error in their brief, the letter was abstracted by other counsel who appeared in the Appellate Court for the firm, "we will fill your order," and was so treated by counsel for both parties in the Appellate Court and also so received and construed by the Appellate Court. Plaintiff in error must stand in this court in the same position which he voluntarily assumed in the Appellate Court.

So read, the letters disclose an order on the part of the firm to the defendant in error company to ship one car-load straight bananas and one car-load of culls from the cargo arriving by first steamer, "fruit to be fine," and an unconditional acceptance of the order by the defendant in error company.

It may be observed that the cause was tried and submitted to the jury on the theory the letter read "file," and the jury held the firm of the plaintiff in error to be liable. The promise of the defendant in error company in the letter to wire prices before shipping was merely a voluntary, gratuitous promise, was not a part of the contract, there was no consideration to support it and no loss is shown to have resulted from the delay in compliance therewith. The prices were wired on the first business day after the shipment, and were received at Chicago two days before the fruit arrived there.

We do not find any direct proof in the record that the bananas were from the "first steamer" which arrived after the order from the firm of the plaintiff in error was given, but the refusal to accept was distinctly placed upon other grounds, and the trial proceeded upon the basis that the bananas were from the first cargo to arrive. This was a practical concession or waiver of the question whether the bananas were from the first steamer to arrive. That question was not raised in the trial court.

The complaint the averments of the declaration were not sufficiently broad to warrant the reception of the evidence as to the amount paid for freight on the bananas out of the proceeds of the sale of the two cars shipped in March, 1893, and which were not accepted by the firm, was not preferred in the trial court and cannot be raised in this court for the first time. (*Ransom* v. *McCurley,* 140 Ill. 626; *Dorn* v. *Bissell,* 180 id. 73.) The proof as to the freight was admitted without objection. Had the objection been disclosed in the motion for a new trial, the declaration could have then been amended and the pleading made to correspond with the proofs.

The first special count referred to the three cars of bananas shipped in July, 1893, and averred that the firm of plaintiff in error refused to accept the fruit and the bananas were sold at a loss. It is complained that the fourth, fifth, sixth and tenth instructions given for the defendant in error authorized recovery on the theory the firm accepted the July shipment. It is clear the defendant in error company, in the trial court, abandoned recovery for the July shipment on the ground the firm refused to accept the fruit, as charged in the first special count, and claimed the firm accepted the fruit, and relied on the common counts for a verdict and judgment. Its position is, the delivery and acceptance of the bananas shipped in July were established by the evidence, and it was on that theory it sought judgment in the trial court. If the contract for these bananas and the delivery and acceptance of the fruit in pursuance of the contract were proven, and nothing remained to be done but for the firm to make payment therefor, recovery might be had under the common counts. It was upon this theory the instructions complained of were given. The plaintiff in error insists it was error to give the instructions, for the reason, as he alleges, there was no evidence tending to show an acceptance. It was proven the plaintiff in error's firm gave to the messenger who came from Mobile to Chicago in charge of the bananas, a receipt stating the firm had received the three cars in good condition. It appeared from the proofs that it was customary in the banana trade for the messenger to get a receipt from the buyer as to the condition of the fruit, and that according to the usages of the trade this receipt meant no more than an acknowledgment of the buyer that the bananas had been kept at the proper temperature and had not become over-ripe or chilled, and that it had nothing to do with the quality of the fruit.

Counsel for plaintiff in error contend there was no proof tending to show that the bananas were of the kind or quality required to be delivered by the contract, and no proof tending to show they were accepted as of the kind and quality

contracted to be delivered. The testimony of the messenger tended to show that the bananas were of the kind and quality contracted for. H. L. McConnell, president of the defendant in error company, testified that he attended to the shipment of the bananas; that they were clean, plump and fresh, and fancy Bocus culls. A. J. Alexander also testified to the same effect, and that the cargo was better than the average Bocus culls. It appeared also from other testimony that one of the members of the firm of Olcese & Co. went to each of the cars and examined the bananas, and gave the receipt without making any complaint as to the kind or quality of the fruit. The evidence so far tended to show that the fruit was of the kind and quality contracted for, and that it was accepted by the buyer, as to warrant the submission of the case to the jury under the common counts.

The eleventh instruction stated abstract principles of law relative to the proper course to be pursued by a purchaser who has received goods and accepted them and afterwards discovered they were not of the kind he was entitled to have under the contract. The only criticism is, that the principles of law to which the instruction related were not applicable, and the instruction must have tended to divert the minds of the jurors from the real issues, and to confuse them. We find in the record some evidence tending to show that the bananas were not of the quality of Bocas culls contracted for, and that the plaintiff in error's firm, about an hour after the delivery of the receipt to the messenger, reached that conclusion. The instruction was not, therefore, inapplicable. The only just criticism thereto is, that it stated legal principles in the abstract. The practice is not to be approved, but the principles stated were correct and applicable, and there can be no ground for reversal from this cause.

Instruction No. 3 asked by the plaintiff in error's firm, to the effect that the verdict must be for the defendant below as to the three car-loads of bananas,—the Bocas culls,—unless such bananas were, in fact, fancy Bocas culls, was properly refused as written. If the plaintiff in error's firm

received and accepted the three car-loads of bananas, the doctrine of the instruction would not be correct. The court correctly modified the instruction, making it applicable to the case in the event the jury believed, from the evidence, that the plaintiff in error's firm did not accept and receive the bananas. Instruction No. 11, hereinbefore discussed, advised the jury as to the abstract principles governing the duty and right of the jury if, after accepting the fruit, the firm discovered it was not of the quality contracted for.

It is urged by way of general objection to a number of instructions, that when an executory contract is set out in the declaration and no more is shown by the evidence, recovery for the breach thereof cannot be had under the common counts. The soundness of this rule of pleading so stated is conceded, but the evidence tended to show an executed contract,—the delivery of the bananas of the July shipment to the buyer and the acceptance thereof by them,—and that nothing remained to be done but the payment of the purchase price, and in such state of case it is equally well settled that the plaintiff may declare generally in *indebitatus assumpsit*. (4 Cyc. 328; 2 Ency. of Pl. & Pr. 1005.)

The object of the seventh instruction was to advise the jury that a deposition was as good and competent evidence as if the witness had been present and testified by parol in open court. The statute so declares. (Sec. 34, chap. 51, entitled "Evidence.") The criticism that the instruction was so framed as to confine the application thereof to the depositions presented in behalf of the defendant in error, while not wholly groundless, exaggerated the possible effect thereof on the jury. We think the jury would understand that the same rule applied to the deposition of witnesses in behalf of the plaintiff in error.

The recovery for the July shipment was under the common counts, on the theory that the bananas were delivered by the plaintiff and accepted by the plaintiff in error's firm. The evidence tended to establish that as the true state of the case. It was proven, however, that the bananas were not

211 - 35

removed from the cars, and were sold by the common carrier and the proceeds tendered to the defendant in error company. The contention is not true that under the proof it was the duty of the company to accept the tender and thereby reduce, as far as possible, its damages. If, as the evidence tended to show and as the jury found, the firm accepted the bananas, the defendant in error company was not required to thereafter exercise any control over the fruit or to receive the proceeds of the sale thereof, but was entitled to sue for and recover the contract price.

Whether the judgment was excessive is a question of fact not subject to review in this court.

The judgment must be and is affirmed.

*Judgment affirmed.*