MARY SHAUGHNESSY, Appellee, *vs.* GEORGE H. HOLT,
Appellant.

*Opinion filed October 26, 1908—Petition stricken Dec. 3, 1908.*

1. PLEADING—*a count which is stricken out is still part of the
declaration for purpose of reference.* A count of the declaration
which has been stricken out is still a part of the declaration for
reference purposes, and may furnish sufficient basis for additional
counts which set forth the same cause of action in a more accu-
rate and legal manner than was used in the stricken count.

2. EVIDENCE—*the ground upon which statements of plaintiff to
a physician during treatment are admissible.* The ground upon
which statements and declarations of an injured person to a physi-
cian during treatment are admissible in evidence is, that it is pre-
sumed the injured person will not under such circumstances make
false statements; but no such presumption exists where an exami-
nation is made by physicians for the purpose of testifying for the
injured person in a suit for damages.

3. SAME—*what testimony by physicians is inadmissible.* Testi-
mony of physicians who examined the plaintiff, shortly before the
hearing of her damage suit, for the purpose of testifying for her
as witnesses, to the effect that they made a test upon the person of
the plaintiff with tubes respectively containing hot and cold water
and that she could not always tell which tube was hot and which
was cold, which indicated nervous prostration or neurasthenia, is
not competent, even though the plaintiff testifies that the answers
she gave the physicians when the test was made were true.

4. SAME—*the proper method of asking questions of expert wit-
nesses.* The proper method of asking questions of expert witnesses
is to state hypothetically the case which counsel thinks has been
proved and ask a question based upon such hypothetical case, and
not to ask the question in the form of a recitation of actual facts.

5. TRIAL—*rule as to allowing counsel to ask witness what he
received for testifying.* The matter of allowing counsel to inquire
of a witness the amount he received for testifying as an expert is
largely within the discretion of the court, and a court of review
will not interfere if such discretion was not abused.

APPEAL from the Branch Appellate Court for the First
District;—heard in that court on appeal from the Superior
Court of Cook county; the Hon. A. H. FROST, Judge, pre-
siding.

Appellee recovered a judgment of $7500 in the superior court of Cook county for personal injuries alleged to have been sustained by her while a passenger in appellant's elevator, October 9, 1902. This judgment, on appeal, was affirmed by the Appellate Court, and the case is now appealed to this court.

Appellee was employed as a stenographer on the twelfth floor of the Manhattan building, in Chicago, owned by appellant. The evidence in her behalf tended to show that she entered one of the elevators in that building on the ground floor to go to the twelfth floor, and that as it passed the tenth floor someone signaled for the car to stop and the elevator man attempted to return to the tenth floor, but the car would not stop and went on down to the main floor, where it struck with a thud and re-bounded a short distance. Appellant's testimony tended to show that appellee entered the car on the twelfth floor, and that the elevator descended to between the second and third floors, when the elevator man, as was his custom, tried to pull the operating cable in order to reduce the speed before the car came in contact with the automatic stopping device at the main floor; that he found it impossible to move the cable and that the car continued its descent at full speed, striking the automatic device and re-bounding about a foot. In the meantime the safety dogs were released, and the car, after re-bounding, was held about a foot above the floor. In order to prevent the blistering of their hands the operators were accustomed to use short pieces of common garden hose around the operating cable. One of these had apparently fallen from the car and become wedged between the cable and a grooved wheel around which it ran at the bottom of the shaft, thus preventing the proper operation of the machinery.

JOHN E. KEHOE, F. J. CANTY, and R. J. FOLONIE, for appellant.

BURTT & KRIETE, and F. J. WOOLEY, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellant contends that there was no valid declaration upon which a recovery could be had. Each of the first three counts of the original declaration, after stating the negligence, concluded, "by means whereof the plaintiff was then and thereby injured, as hereinafter set forth." The original fourth count, to which the quotation from the first three counts above given referred, was stricken out by order of court March, 1905, and the motion of appellee for leave to file an amended fourth count denied. It is insisted that the three remaining counts contained no allegation that appellee suffered injury to her person. On February 4, 1906, the appellee filed additional counts to the declaration. Such counts stated no new cause of action, but each merely alleged in a more accurate and legal manner the same damages that were averred in the original fourth count. It is insisted by the appellant that the fourth count having been stricken, it was out of the case for all purposes, (*Slack* v. *Harris,* 200 Ill. 96,) and could not be used as a basis for the additional counts or be made a part of the three original counts by reference. Under the authority of *North Chicago Street Railroad Co.* v. *Aufmann,* 221 Ill. 614, this fourth count furnished sufficient basis for the additional counts filed. After the count was stricken out, while no longer, in legal contemplation, a pleading in the case, it still remained on file as a part of the record. (*Abbott* v. *Douglass,* 28 Cal. 295.) It is a mere figure of speech to say that the count is stricken out. Even when a section of the statute has been held to be unconstitutional it may still be considered with the other sections for the purpose of construction. (*Baird* v. *Hutchinson,* 179 Ill. 435.) The original fourth count was still a part of the declaration for reference purposes.

The appellee claims that by reason of the violence with which the elevator struck and re-bounded, the head of the tibia,—the large bone of the lower part of the leg,—was

split or broken, and that the nervous shock produced insomnia and trouble with her eyes and inability to detect sensations on part of her left leg; that the shock of striking at the bottom of the shaft caused a displacement of her female organs. Three physicians who testified for appellee stated that they had made tests on her person by taking two test tubes, putting hot water in one and cold water in the other, and that they touched with the test tubes different parts of her skin and she did not always answer correctly which tube was hot and which was cold; that there was a lack of sensitiveness in one leg; that such symptoms showed a deterioration of her nervous system, indicating nervous prostration or neurasthenia. All of these physicians made their tests very shortly before the case was called for hearing, apparently for the purpose of testifying at such hearing. It is insisted by appellant that this testimony was based on self-serving statements of appellee and was therefore incompetent and inadmissible. It is the established rule in this State that the declarations of the injured party in a case like this, when made as a part of the *res gestœ,* or to a physician during treatment, or upon an examination prior to and without reference to the bringing of an action to recover damages for the injury complained of, may be introduced in evidence. As to testimony along the line of that now in question the authorities in this and other jurisdictions are collected and discussed in *Greinke* v. *Chicago City Railway Co.* 234 Ill. 564, and it was there held that a physician, when called as a witness, who has not treated the injured party but has examined him solely as a basis upon which to give an opinion in a trial to recover damages for the injury, cannot testify to statements made by the injured party to him or in his presence during such an examination or base an opinion upon the statements of the injured party.

Counsel for appellee attempt to distinguish this case from those cited in the opinion just referred to, on the ground that in this case appellee was first asked on the wit-

ness stand if the answers she had given the physicians during these tests were true, and she replied that they were; that in the cases where expert testimony based upon subjective symptoms were held improper, such opinions were based upon the unsworn statements as to such subjective symptoms. Counsel misapprehend the basis of such decisions. The law admits in evidence the declarations of the injured party as to the physical condition given to a physician during treatment because it is presumed that the injured person will not falsify in his statements made to the physician when he expects and hopes to receive medical aid, but no such presumption arises when he is examined by an expert for the purpose of giving evidence in a case about to be tried. The reasons for this distinction are fully set forth in the *Greinke case, supra,* and must control here.

Counsel also attempt to argue that these statements were admissible as a part of the *res gestæ.* The *res gestæ* referred to under this rule relates only to the main fact or transaction. (24 Am. & Eng. Ency. of Law,—2d ed.—p. 663; *Globe Accident Ins. Co.* v. *Gerisch,* 163 Ill. 625.) The main fact in this case was the accident itself, and not the experiments as to appellee's physical condition many months after. Appellee was allowed to enhance her damages by proof of her own incompetent, self-serving statements,—to what extent it is impossible to judge. We think the admission of this testimony was reversible error. *Chicago and Eastern Illinois Railroad Co.* v. *Donworth,* 203 Ill. 192; *West Chicago Street Railroad Co.* v. *Carr,* 170 id. 478; *Chicago Union Traction Co.* v. *Giese,* 229 id. 260; *Consolidated Traction Co.* v. *Lambertson,* 60 N. J. L. 452.

Appellant also insists that the trial court erred in permitting physicians to express an opinion whether the injuries of appellee were or might have been caused by the fall of the elevator. Our views on these questions have been fully set forth in the recent decisions of *City of Chicago* v. *Didier,* 227 Ill. 571, *City of Chicago* v. *McNally,* 227 id. 14, *City of*

*Chicago* v. *Bork,* 227 id. 60, *Chicago Union Traction Co.* v. *Ertrachter,* 228 id. 114, and *Chicago Union Traction Co.* v. *Roberts,* 229 id. 481. It would unnecessarily extend the length of this opinion to discuss here the contentions of counsel on this point. What we have said in those cases will serve as a sufficient guide in the further proceedings in this case.

We think the testimony of the expert mechanics who testified as elevator experts, as we understand this record, was admissible. *Camp Point Manf. Co.* v. *Ballou,* 71 Ill. 417; *Slack* v. *Harris, supra;* Lawson on Expert and Opinion Evidence, (2d ed.) 74.

The appellant also insists that reversible error was committed in permitting counsel for the appellee to ask experts questions in the form of a recitation of actual facts, and not by putting the questions in a hypothetical manner. (*Pyle* v. *Pyle,* 158 Ill. 289.) We think there is some basis for this contention. The proper practice is to state hypothetically the case which the attorney thinks has been proved and ask a question based upon such hypothetical case. *Elgin, Aurora and Southern Traction Co.* v. *Wilson,* 217 Ill. 47.

Appellant further insists that the court improperly allowed counsel for appellee to cross-examine one of appellant's physicians as to the amount he received for testifying as an expert. Such matters are largely within the sound discretion of the trial court. (*Kerfoot* v. *City of Chicago,* 195 Ill. 229.) We do not think this discretion was abused in this instance.

For the reasons indicated in permitting certain physicians to give answers based upon self-serving statements of appellee, the judgments of the Appellate and superior courts will be reversed and the cause remanded to the superior court for further proceedings in harmony with the views herein expressed.       *Reversed and remanded.*