MATTHEW B. COBURN, Appellee, *vs.* THE MOLINE, EAST MOLINE AND WATERTOWN RAILWAY COMPANY *et al.* Appellants.

*Opinion filed December 22, 1909—Rehearing denied Feb. 4, 1910.*

1. RAILROADS—*what tends to show that plaintiff was a passenger.* Proof that the plaintiff and his companion were in the front vestibule of an interurban car when his companion paid both their fares to a certain point to the conductor, who made no objection to their riding there, tends to show that the plaintiff was a passenger, though there was a rule, which the plaintiff testified he did not see and knew nothing about, posted in the unlighted vestibule forbidding passengers to ride there.

2. SAME—*a passenger not required to use due care to ascertain rules of carrier.* Even though a passenger might be guilty of contributory negligence if he violated a rule of the carrier of which he had knowledge, still he is under no duty to exercise due diligence to find out what the rules are.

3. NEGLIGENCE—*what does not tend to show contributory negligence.* The fact that plaintiff's companion gave the motorman a drink of whisky, which may have been partly the cause of the reckless way in which the motorman drove the car in approaching the place where it turned over, does not tend to show contributory negligence by the plaintiff, who had nothing to do with giving the motorman the drink and who testified that he did not know his companion had the whisky.

4. SAME—*intoxication of injured person does not, of itself, defeat a recovery.* The fact that a passenger on an interurban car has taken a drink of whisky, or even that he is intoxicated, does not, of itself, defeat his right to recover damages for injuries due to the company's negligence if he otherwise has a cause of action.

5. DEPOSITIONS—*depositions are entitled to same consideration as oral testimony.* Depositions should be given the same consideration by the jury as if the deponents had testified in open court, and it is highly proper, where the evidence is partly oral and partly by depositions, to give an instruction to that effect.

6. INSTRUCTIONS—*when refusal to instruct jury as to weight to be given depositions is harmless.* Refusal to give an instruction requiring the jury to give the same consideration to depositions as if the witnesses had testified in open court is harmless, where there is nothing in such depositions materially different from the facts proven by the oral testimony.

7. SAME—*when instructions are properly refused as ignoring conductor's conduct.*  Instructions stating that the plaintiff is. not entitled to recover if the jury believe, from the evidence, that in getting upon the front platform of the car he was guilty of contributory negligence are properly refused, where they entirely ignore the plaintiff's claim that he got on the front platform at the direction of the conductor of the car, without knowing that he was violating any rule.

8. EVIDENCE—*rule as to admissibility of opinions of physicians.* In personal injury cases the opinions of physicians are not competent evidence where they are based upon self-serving statements not made in the course of treatment but with a view to enable the physicians to testify in reference to plaintiff's physical condition; but such evidence should be objected to when it is offered.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Rock Island county; the Hon. F. D. RAMSAY, Judge, presiding.

SEARLE & MARSHALL, and CYRUS E. DIETZ, for appellants:

The rule is, that to constitute a passenger one must, with good faith intention of taking and paying for passage and with the express or implied consent of the carrier, be in a situation to avail himself of the facilities for transportation which the carrier offers.  6 Cyc. 536; *Railway Co. v. Brooks,* 81 Ill. 249; *Hoehn* v. *Railway Co.* 152 id. 223; *Bricker* v. *Railway Co.* 132 Pa. St. 1; 2 Am. & Eng. Ency. of Law, (1st ed.) 742; Hutchinson on Carriers, sec. 554.

One who, induces the conductor to allow him to ride without knowledge of payment of fare is lacking the good faith intention required and is not a passenger.  *Railway Co.* v. *Brooks,* 81 Ill. 249; *Hoehn* v. *Railway Co.* 152 id. 223; *Stalcup* v. *Railway Co.* 45 N. E. Rep. 802; *Purple* v. *Railway Co.* 114 Fed. Rep. 123.

One riding in a place not intended for that purpose, though with the express consent or direction of the conductor, is not "availing himself of the facilities for trans-

portation which the carrier affords," and so is not a passenger. *Railroad Co.* v. *Jennings,* 217 Ill. 140, and 229 id. 608; *Railway Co.* v. *Best,* 169 id. 301; *Railroad Co.* v. *O'Keefe,* 168 id. 115; *Files* v. *Railway Co.* 149 Mass. 204; *Railway Co.* v. *Lohe,* 67 N. E. Rep. 161; *Downey* v. *Hendrie,* 46 Mich. 498; *Mann* v. *Traction Co.* 175 Pa. 122.

The conductor has no authority to waive the rules of the company requiring payment of fare or prohibiting riding at any place other than that intended for the carriage of passengers. *Railroad Co.* v. *Jennings,* 217 Ill. 140; *Stalcup* v. *Railway Co.* 45 N. E. Rep. 802; *Railway Co.* v. *Best,* 169 Ill. 301; *Hoehn* v. *Railway Co.* 152 id. 223; *Railway Co.* v. *Brooks,* 81 id. 249.

W. R. Moore, for appellee:

The question of contributory negligence is to be determined by the jury as a question of fact where the evidence is conflicting or is susceptible of different interpretations. *Shoninger Co.* v. *Mann,* 219 Ill. 242; *Ames & Frost Co.* v. *Strachurski,* 145 id. 192.

Where a passenger gets on the platform by the direction or invitation of the conductor, it is not such negligence as will bar a recovery unless the danger is so obvious that only a reckless man would encounter it. *Railroad Co.* v. *Gore,* 202 Ill. 188; *Railroad Co.* v. *Mullen,* 217 id. 203.

One may ride on the platform of a street car without being guilty of negligence *per se.* *Traction Co.* v. *Lawrence,* 211 Ill. 373.

Mr. Justice Vickers delivered the opinion of the court:

This is an action on the case brought by Matthew B. Coburn in the circuit court of Rock Island county against the Moline, East Moline and Watertown Railway Company and the Mississippi Valley Traction Company to recover damages on account of a personal injury sustained by him on the evening of December 4, 1903, while riding

on one of the electric cars of the traction company going from Moline through the town of East Moline, to the village of Watertown. The negligence charged in the declaration was that while appellee was a passenger on one of the cars of appellants said car was so negligently run and operated that it left the track at a point in the town of East Moline known as Third avenue and Seventh street and overturned, breaking appellee's right arm in two places. A verdict for $7000 was returned in favor of the appellee, from which $1000 was remitted and judgment entered for $6000. The judgment has been affirmed by the Appellate Court for the Second District, and the defendants below have prosecuted a further appeal to this court.

Appellants contend that their motion for a directed verdict should have been sustained for the reason that the evidence does not show that appellee was a passenger, as stated in the declaration. This case has been twice before the Appellate Court for the Second District. The opinion on the first hearing is reported in 132 Ill. App. 624. On the first consideration of the case by the Appellate Court the judgment was reversed and the cause remanded because, among other things, the evidence did not show that appellee had paid his fare. On the last trial of the case in the circuit court the conductor in charge of the car was a witness and testified that after appellee and his brother-in-law, Carraher, got upon the car he went forward to where the two men were standing in the front vestibule and demanded their fare, and that thereupon Carraher paid the conductor the fare for both of them. It is also shown that appellee's purpose in getting upon the car was to ride from the point where he boarded the car to his home in Watertown. Appellants contend that appellee was riding on the front platform or vestibule of the car in violation of the rule of the company which provided that no person should be allowed to ride on the front platform with the motorman, except the dispatcher, without a written permit

from the office, and that he therefore was not a passenger. The rule of the company was posted up in the front vestibule, above the head of the motorman. The evidence shows that there was no light in the front vestibule, and appellee testifies that he did not see the notice of the rule and knew nothing about it. The evidence, as already pointed out, shows that the conductor took up appellee's fare while he was on the front platform and that he made no objections to his riding there. This evidence fairly tends to prove that appellee was a passenger on appellants' car.

Appellants further contend that appellee was guilty of contributory negligence, as a matter of law, which ought to defeat a recovery. Appellee and Carraher, his brother-in-law, went into a saloon a short time before getting on the car and Carraher drank a glass of beer and appellee a glass of wine, and while in the saloon Carraher bought a pint bottle of whisky, which he put into his pocket and had in his possession when he entered the car, and after appellee and Carraher were on the front platform Carraher drew the bottle of whisky from his pocket and gave the motorman and conductor a drink and offered the bottle to appellee, but he testifies that he refused to drink. A witness for appellants testifies that appellee did take at least one drink from the bottle. The evidence tends to show that the car was being run at a high and dangerous rate of speed. Appellants concede that the motorman was guilty of negligence in running the car at such a high rate of speed when approaching the curve where the accident happened, but they contend that the negligence of the motorman in this regard was a result of his being intoxicated, or partly intoxicated, from the effect of drinking the whisky that was given him by Carraher. From this fact the conclusion is sought to be drawn that appellee is in some way responsible for the presence of the whisky on the car and the reckless and careless conduct of the motorman in consequence of his having drank some of it. Without con-

sidering whether the legal conclusion which appellants seek to draw from the assumed facts is sound, we think there is a total want of proof connecting appellee with the drinking of whisky by the motorman. All of the evidence shows that the whisky was bought by Carraher, and appellee testifies that he did not know that Carraher had the whisky until he saw the bottle when it was being passed to the motorman. Why appellee should be held responsible for any misconduct of Carraher in this regard is not very apparent. If Carraher was the party suing, the evidence would then present the legal question which appellants insist upon, but it does not arise in Coburn's case. There was no error in refusing to direct a verdict for appellants.

Appellants further contend that the court erred in refusing instruction No. 2, to the effect that the jury should give the same fair consideration to the testimony in depositions as they would give to said testimony if it had been given by witnesses in open court. Appellants introduced in evidence the deposition of Henri Beauprez, taken in Belgium, and of Leon VonEslander, taken in Manitoba, and instruction No. 2 was intended to apply to these two depositions. This instruction stated the law and should have been given. (*Olcese* v. *Mobile Fruit and Trading Co.* 211 Ill. 539; Rev. Stat. 1874, chap. 51, sec. 34.) We think, however, that the error in this regard was harmless. The failure of the court to submit this instruction did not have the effect of withdrawing the depositions from the consideration of the jury. They were still embraced within the language of other instructions referring to the evidence. But depositions might not be regarded by the jury as having the weight of testimony given by witnesses in the presence of the jury, and there is therefore great propriety in submitting an instruction to the jury where a part of the evidence is by depositions, such as the one that was refused in this case. An examination of the depositions shows that these two witnesses were passengers on the

car at the time the accident occurred. They were sitting in the smoking compartment. Both of them testified that they saw two persons besides the motorman on the front platform. One of them (Beauprez) says that he saw the parties drinking from a bottle and he thinks that appellee took one drink, while VonEslander testifies that he saw the parties drinking on the front platform but he could not tell whether appellee drank or not. These are the only facts testified to of importance in this case. It will therefore be seen that their evidence does not materially change the facts, except that one of them testifies that appellee drank one drink of whisky. This fact is not vital one way or the other. It is not contended that appellee was intoxicated, and if he had been, that fact alone would not bar his right to recover if otherwise he had a cause of action. While the instruction under consideration ought to have been given, its refusal, under the circumstances of this case, is harmless.

Appellants also contend that the court erred in refusing instructions 6, 7, 8 and 9. There is evidence tending to show that when Carraher started to get upon the car he and appellee intended to get upon the car in the rear; that they there found the conductor, and that the conductor directed them to go to the front and get upon the front platform. The evidence tends to show that the conductor learned, before the parties got upon the car, that Carraher had a bottle of whisky, and that that fact caused him to suggest that they get upon the front platform. The evidence also tends to show that afterwards the conductor joined the parties on the front platform and drank from the bottle of whisky. The instructions now under consideration, except No. 8, presented the question of appellee's want of proper care in getting upon the front platform of the car, and told the jury that if they believed that in so doing he was guilty of contributory negligence he could not recover. These instructions entirely ignored the con-

tention of appellee that they got upon the front platform by the direction of the conductor. The observations above made do not apply to instruction No. 8. That instruction was to the effect that even though appellee was upon the front platform by direction of the conductor, yet if he knew, or by the exercise of reasonable care might have known, that it was in violation of the rules of the company for passengers to ride upon the platform he could not recover. We do not think that this instruction embodies a sound rule of law. Conceding that the appellee might be guilty of contributory negligence in disregarding a rule of the company of which he had knowledge, still he was under no duty to use due diligence to find out what the rules were. These instructions were properly refused.

Appellants finally contend that the court erred in refusing to strike out, on their motion, certain portions of the evidence of Drs. Dondanville and Sala with reference to certain tests made for the purpose of determining the extent of appellee's injuries with the view of testifying in the case, because such opinions were based on subjective symptoms. The rule established by the decisions of this court is, that the opinion of the physician is not competent evidence where it is based upon self-serving statements by the patient, not made in the course of treatment but with a view of enabling the physician to testify in reference to the physical condition of the patient. (*Fuhry* v. *Chicago City Railway Co.* 239 Ill. 548.) The record shows that this evidence was not objected to when it was offered. The witnesses were competent to testify to all matters that they obtained knowledge of in a proper manner. When they were asked with reference to matters based upon the language or conduct of appellee during the examination appellants should have interposed an objection.

The judgment of the Appellate Court for the Second District is affirmed.              *Judgment affirmed.*