## Anna A. David, Appellee, v. The Commercial Mutual Accident Company, Appellant.

## Gen. No. 15,897.

EVIDENCE—*what declarations to physician not competent.*    The declarations of an injured party to a physician during treatment are admissible in evidence so far as they relate to the mental or physical condition of such party; such rule does not permit in evidence the declaration of the cause of the accident.

Appeal from the Municipal Court of Chicago; the HON. JUDSON F. GOING, Judge, presiding.    Heard in this court at the October term, 1909.    Reversed and remanded.    Opinion filed December 21, 1911.

GEORGE H. MASON and VINCENT D. WYMAN, for appellant.

LOESCH, SCOFIELD & LOESCH and CASSODAY & BUTLER, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

The appellee brought suit against the appellant in a case of the first class in the Municipal Court of Chicago on an accident insurance policy to recover for the death of the insured the sum of five thousand dollars and interest.   The policy insured "against the effect of bodily injuries caused solely by external, violent and accidental means, within the intent and meaning of the provisions of this certificate of membership, to-wit," etc.   To the policy was attached a "rider" as follows: "This policy covers accidents from septic poisoning, happening to the assured while performing professional work.   Attached to and forming part of certificate No.," etc.

The first count of the declaration was based upon the rider and alleged that "the said C. A. David sustained a bodily injury caused solely by external, violent and accidental means, under and within the insuring clause and covered by the terms of said policy, to the middle finger of the left hand, while performing professional work, into which injury septic poisoning products were introduced, and the said bodily injury because of such septic poisoning products introduced therein resulted in the death," etc.

The second count alleged the sustaining of a bodily injury caused solely by external, violent and accidental means, within and under the terms of the policy, thereby causing the death of the insured.   Various pleas were filed and on a trial the jury found for the appellee and the court entered a judgment on the verdict for $5365.88.

The appellee introduced evidence tending to show that Dr. David, the insured, had a cut or wound on the middle finger of the left hand; that the said cut became infected, resulting in sepsis, or blood poisoning; and that the said sepsis, or blood poisoning, caused the death of the insured and was the sole cause thereof.

Dr. Vaughn, a witness called by the appellee, was the insured's attending physician. Dr. Vaughn testified to the symptoms, condition, etc., of Dr. David, and that the sole cause of his death was sepsis, or blood poisoning. He also testified that Dr. David told him the manner in which his finger became infected and then the following question was asked him: "How did he say it was infected?" to which he was allowed to answer over the objection of the appellant: "By being torn by an instrument which he was using while operating on a patient." In the argument of the learned counsel for the appellee in attempting to sustain the competency of said question and answer, they do not claim every statement made by a patient to the attending physician is competent, and say: "Nor is it often proper for the physician to state what the patient told him as to the cause of the injury." Dr. Vaughn testified that there were many different types of blood poisoning, according to the germ that is introduced; that it is important to ascertain, if possible, how the injury was caused, and all other facts, in order to more successfully treat the patient and in this case it was necessary to know in order to assist in the treatment of the wound, and that the nature of the infection influenced the treatment. When Dr. Vaughn was first called he found Dr. David unconscious, and counsel contend that "under such circumstances the statement of the patient as to how the wound was received is of great importance to the doctor and is an essential part of the treatment itself." It was probably important, as counsel say. So too was the nature of the infection, which Dr. Vaughn evidently learned from the insured, of very great importance; but testimony of such declaration was not given by the witness or offered by appellee. We take it that in a great many cases the doctors find it important to learn how the injury occurred and are thereby guided in their treatment of the patient; but that is certainly not the test as to the ad-

missibility in evidence of the statements of the patient; nor is it the test that it bears the imprint of the truth. It is not entirely clear how the answer given as to the cause of the injury, that the finger was torn by an instrument while performing an operation, is an essential part of the treatment.    If it were stated in connection with a statement of the nature of the infection, it might be more apparent to us that it was an essential part of the treatment.    However that may be, and even though it be conceded it was an essential part of the treatment, we do not think the cases relied upon by appellee support her contention.    The appellee quotes from the opinions of the Court in West Chicago St. R. R. Co. v. Carr, 170 Ill. 478; Greinke v. Chicago City Ry. Co., 234 Ill. 564, and Shaughnessy v. Holt, 236 Ill. 485, and cites many other authorities in relation to the rule that the declaration of the injured party is admissible in evidence when made to a physician during treatment.    The rule announced in those decisions seems to be well established and for the reasons there given; but as we understand the rule, the declarations of the injured party to the physician during treatment admissible in evidence are only such declarations as relate to the mental or physical condition of the patient, and the rule is never extended to permit in evidence the declaration of the cause of the accident.

In Globe Accident Insurance Co. v. Gerisch, 163 Ill. 625, the court held: "the declaration of the insured as to the cause of his injury is not proper or competent evidence."    The point there in question was precisely the same as that in this case, and we know of no authority to the contrary.

The evidence that the insured had an accident, aside from said testimony of Dr. Vaughn, was entirely circumstantial.    From the circumstances shown, the appellee contends that her case was so plainly and clearly proven, especially as to the second count, that even if the said testimony of Dr. Vaughn be held error, it was

harmless error. The appellant, with equal earnestness, contends that aside from the said testimony there was no evidence whatever that fairly considered tended to show that the deceased had any accident, and there being no proof thereof, the trial court should have instructed the jury to find in its favor. We are of the opinion that there were circumstances in evidence tending to support appellee's claim; but we are not prepared to hold that the circumstances proven were so strong and convincing in establishing a cause of action on behalf of appellee that the said error was harmless. The court properly instructed the jury that unless the plaintiff proved by a preponderance of the evidence that the insured sustained an injury through violent, external and accidental means, as charged in the declaration, there could be no recovery. On this issue under the evidence we feel impelled to hold that the said testimony of Dr. Vaughn of the declaration of the insured as to how he was injured, is such error that the judgment must be reversed.

We may suggest that the court improperly limited the cross-examination of Dr. Vaughn in relation to the hypothetical question pertaining to the cause of the death of the insured; but as this error is not likely to be again repeated, it is unnecessary to discuss the same.

For the reason given, the judgment is reversed and the cause remanded.

*Reversed and remanded.*