JOSEPH VOGRIN, Appellant, *vs.* THE AMERICAN STEEL AND WIRE COMPANY, Appellee.

*Opinion filed April 23, 1914—Rehearing denied June 5, 1914.*

1. NEGLIGENCE—*when declaration sufficiently states employee's duties.* In an action for personal injuries, a declaration which avers the nature of the defendant's business and the plaintiff's employment, and states that in the discharge of his duty he was then and there required to do certain things, followed by an allegation stating the character of plaintiff's duties, sufficiently charges, by reference, facts which authorize proof that at the time and place of the plaintiff's injury he was in the discharge of his duties as an employee of the defendant.

2. SAME—*when declaration sufficiently alleges that it was plaintiff's duty to be at the place of injury.* In a declaration for personal injuries, an allegation that the plaintiff, in the discharge of his duty, was then and there required to pass through a certain

place in and about defendant's premises, is sufficient to authorize the admission of proof that such place was one in which the plaintiff was required to be in the discharge of his duties. (*Mackey* v. *Northern Milling Co.* 210 Ill. 115, distinguished.)

3. SAME—*what constitutes the cause of action.* In an action for personal injuries the cause of action is the act or the wrong of the defendant towards the plaintiff which causes the grievance and for which the law gives a remedy.

4. WORDS AND PHRASES—*the meaning of "then and there."* The phrase "then and there" refers to the time and place last specified, unless some phrase is used in connection therewith which shows that a different reference was intended.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding.

BARR, MCNAUGHTON & BARR, for appellant.

KNAPP & CAMPBELL, and SNAPP & HEISE, (JOHN R. COCHRAN, of counsel,) for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was an action on the case to recover damages for personal injuries, brought by appellant against appellee in the circuit court of Will county. The original declaration consisted of one count, filed on September 9, 1910, to the September term, 1910. Later five additional counts were filed. General and special demurrers were filed to the original declaration and also to the five additional counts, and were sustained. After more than two years had elapsed since the cause of action accrued, the appellant, by leave of court, filed an amended declaration of three counts. To each of said counts appellee filed pleas of the general issue and the Statute of Limitations. The court having overruled the demurrers of appellant to the plea of the Statute of Limitations, appellant elected to stand by his demurrers and a final judgment was entered. On appeal to the Ap-

pellate Court the judgment of the trial court was affirmed and a certificate of importance granted to this court.

It is insisted that the original declaration and the five additional counts did not state a cause of action, in that they entirely failed to state any facts showing that the plaintiff was in the discharge of his duties to his employer at the time and place when and where he was injured, and that the cause of action set up in the amended declaration was a new cause of action,—one that had never been stated before,—and that therefore the plea of the Statute of Limitations was a good defense. The charge in the original declaration is, in so far as its averments are material, that on the 18th day of March, 1910, the defendant was engaged in the manufacture of wire, nails, etc., and was possessed of and operating certain mills, runways and premises, and that the plaintiff on the day aforesaid, and for a long time prior thereto, was in the employ of the defendant as an oiler, and that as such oiler, *in the discharge of his duty, he was then and there* required to pass through, along and about said buildings, mills, runways and premises, etc., and that the defendant so carelessly and negligently constructed, used, managed and operated said buildings, mills, runways and premises, that by, through and in consequence of the carelessness and negligence of the defendant in that behalf, the plaintiff, while passing by and along one of said buildings, mills and runways on said premises, in the exercise of ordinary care for his own safety, was struck by a large bundle of wire and injured, etc. We think that by the use of the words "then and there" in this count of the declaration, and the allegation immediately following stating what appellant's duties were, it charges, by reference sufficiently to admit of proof of that fact on the trial, that at the time and place of his injury the appellant was in the discharge of his duties as an employee of the appellee, although the charge is not made in the language most usually employed in common law pleadings for that purpose. The words

"then and there" refer to the time and place last specified, unless some phrase is used in connection therewith which shows that a different reference was intended.. (28 Am. & Eng. Ency. of Law,—2d ed.—130; *Palmer* v. *People,* 138 Ill. 356.) This is also the rule in criminal pleadings, where the rule requiring accuracy is stronger than in pleadings in civil cases. Although a demurrer ·was. sustained to this count and to the five additional counts filed before the Statute of Limitations had run, they are still a part of the record and files in the case, and may be referred to for the purpose of ascertaining ·whether or not the additional counts state a new cause of action or are a re-statement of the same cause of action in a more perfect manner. *Shaughnessy* v. *Holt,* 236 Ill. 485; *North Chicago Street Railroad Co.* v. *Aufmann,* 221 id. 614.

The charges in the first, fourth and fifth additional counts, in so far as they are material here, were, in substance, as follows: That on the 18th of March, 1910, and for a long time prior thereto, the defendant was engaged in the business of manufacturing wire, nails, etc., and was possessed of and operating certain mills, runways, etc.; that on the day aforesaid, and for some time prior thereto, the plaintiff was in the employ of said defendant as an oiler, and as such oiler was required to, and did in the discharge of his duty as such oiler, pass through, along, in and about said mills, shops, factories, runways and premises of said defendant; that· it thereupon became and was the duty of the defendant in designing, planning, locating, constructing, using, managing and operating said mills, shops, factories and runways, to exercise ordinary care and caution so as not to expose the plaintiff and other employees in and about said mills, shops, factories and runways to unnecessary hazard and danger, yet the defendant so carelessly and negligently planned, located, designed, constructed, used, managed and operated said mills, shops, factories, runways and premises, that by, through and in consequence of the

carelessness and negligence of the said defendant in that behalf, said plaintiff, while passing by and along one of said buildings, mills, factories, and over and across one of said runways on said premises, in the exercise of ordinary care. and caution for his own safety, was struck and hit with a large bundle of wire, etc.,—concluding with averments of injury and damages. The second and third counts averred that plaintiff, as such oiler, was required, in the discharge of his duties, etc., without saying that he did, in the discharge of his duties, pass through, etc. Each count of the amended declaration was in all. material respects the same as the additional counts quoted above, with the exception that in the last clause of the sentence quoted above, after the word "premises," the words "in the discharge of his duty as such oiler" were inserted, so that the last clause of the amended declaration reads as follows: "Said plaintiff, while passing by and along one of said buildings, mills, factories, and over and across one of said runways on said premises, in the discharge of his duty as such oiler, in the exercise of ordinary care and caution for his own safety, was struck and hit and injured," etc.

Appellee does not question but that the five additional counts, as thus amended, state a good cause of action, and, conceding this, we do not think the cause of action set up in the amended declaration is any other or different from that set up in the five additional counts filed before the Statute of Limitations had run, as in cases of this kind the cause of action is the act or thing done or omitted to be done by one which confers the right upon another to sue,— that is, the act or wrong of defendant towards the plaintiff which causes a grievance for which the law gives a remedy. (*Swift Co.* v. *Gaylord,* 229 Ill. 33; *Lee* v. *Republic Steel Co.* 241 id. 372.) Here each count of the amended declaration rests upon the alleged failure of the appellee to furnish the appellant a safe place in which to work, and the same is true of the original declaration and the five addi-

tional counts, although the facts are not set up in the original declaration with the same particularity that they are in the amended declaration or in the five additional counts filed before the Statute of Limitations had run, and the words inserted by way of amendment in no manner changed the ground on which appellant had originally predicated his cause of action, viz., the failure of the appellee to furnish appellant with a safe place in which to work. The declaration in this respect is different from the declaration in the case of *McAndrews* v. *Chicago, Lake Shore and Eastern Railway Co.* 222 Ill. 232, relied on by counsel for appellee, as in the latter case no facts were averred in the original declaration showing the existence of a duty from the defendant to the plaintiff to warn him that it was about to move its cars in the manner which resulted in the injuries to the plaintiff charged in the declaration.

The allegation that appellant, as such oiler, in the discharge of his duty was *required* to pass through, along, in and about the mills, shops, factories, runways and premises of appellee, we think was sufficient to authorize the admission of proof, on the trial, of the fact that the place of the injury to appellant was one in which he was required to go in the discharge of his duties, the word "require" being often used in the sense of to demand; to direct; to order or to compel. (24 Am. & Eng. Ency. of Law,—2d ed.—601.) In this respect this case is clearly distinguishable from *Mackey* v. *Northern Milling Co.* 210 Ill. 115, in which the original declaration wholly failed to state what the duties of Mackey were, or any facts from which it appeared that at the time he was injured he was in a place where he was required to go or to be in the discharge of his duties.

For the reasons above given the judgments of the circuit court and of the Appellate Court will be reversed and the cause remanded, with directions to sustain the demurrer to the plea of the Statute of Limitations.

*Reversed and remanded, with directions.*