CHICAGO—FIRST DISTRICT—OCTOBER, 1915.    559

Dickson v. Travelers Ins. Co. of Hartford, Conn., 194 Ill. App. 559.

## Anna Dickson, Plaintiff in Error, v. Travelers Insurance Company of Hartford, Connecticut, Defendant in Error.

### Gen. No. 20,706.

1. INSURANCE, § 667*—*when evidence is insufficient to show cause of death.* In an action on an insurance policy, by which a doctor was insured against septic poisoning, where it appeared that such doctor died from inoculation of the crypts of the tonsils, causing staphylococcic and systematic septicemia, *held* that the plaintiff's case failed for lack of evidence as to how the insured became infected with the germ which caused his death.

2. INSURANCE, § 651*—*what evidence is inadmissible to show cause of death.* In an action on an insurance policy, by which a doctor was insured against septic poisoning, evidence as to what the insured stated as to how he came in ·contact with the septic matter which caused his fatal illness was incompetent, did not form part of the *res gestæ,* and was also without probative force, as the evidence showed that the insured had no actual knowledge as to the source of the fatal germ, or how it was acquired.

Error to the Municipal Court of Chicago; the Hon. JOHN J. ROONEY, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed October 5, 1915. Rehearing denied October 13, 1915.

EDWIN F. MASTERSON, for plaintiff in error.

FRANK M. COX and R. J. FELLINGHAM, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

By agreement of the parties the trial of this cause was submitted to the trial judge, without a jury, who, after hearing the evidence tendered on the part of plaintiff, on the motion of defendant entered a finding in its favor and a judgment of *nil capiat* and for costs. From that judgment, plaintiff prosecutes this writ of error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

560 APPELLATE COURTS OF ILLINOIS.

Dickson v. Travelers Ins. Co. of Hartford, Conn., 194 Ill. App. 559.

Plaintiff seeks to recover $10,000, the amount of an accident insurance policy in defendant company upon the insured, Herbert Dickson. This policy insured, against loss resulting from bodily injuries, effected directly and independently of all other causes, through external, violent and accidental means as specified in certain schedules. Attached to this policy was a certain addenda referred to as a "rider," which provided that "subject to all its conditions and provisions, this policy covers septic poisoning, the result of external inoculation through accidental contact with septic matter."

The insured, Dickson, who was styled in the policy a "surgeon eye specialist," died May 15, 1913. The cause of death was inoculation of the crypts of the tonsils of the throat, causing staphylococcic infection and septicemia, or blood poisoning. The death of Dickson, plaintiff contends, was occasioned by and referable to "septic poisoning, the result of external inoculation through accidental contact with septic matter" within the meaning of the policy, and that defendant is consequently thereunder liable, to plaintiff for the amount of insurance covered by the policy.

It is contended that the insured became so infected from one of three patients, viz., a Dr. Bourke, or a Mrs. Nelson, or an old German, all of whom he treated on May 7th preceding his death. It is also claimed that the old German had a sore throat in a pus condition, that Mrs. Nelson had a bad tear duct that was mattering some and that Dr. Bourke had a cloth around his neck, indicating a carbuncle, and that each and all of them had the staphylococcic germ, with which germ the insured became infected by inhalation through his throat, in which the germ lodged, and from which infection he eight days thereafter died. Neither of these three persons was called as a witness, nor had their particular ailments, whatever ailments they may have suffered from, been examined by any medical man pro-

duced as a witness upon the trial. Neither had there been any laboratory culture test from the throat of the old German or from the tear duct of Mrs. Nelson or the carbuncle of Dr. Bourke, if he had a carbuncle, about which there is no evidence.

No evidence was proffered either of treatment by the insured of any one of these three persons or that any charge for treatment had been made, nor was the address of any of these persons disclosed by plaintiff. The testimony of the medical men was all hypothetical and not based on any fixed or ascertainable fact, but rested in the surmise of these medical men that the insured must have been infected by inhaling the breath of the old German or by inoculation from Mrs. Nelson's malignant tear duct or the carbuncle which it is assumed Dr. Bourke had. We think plaintiff's case utterly fails for lack of any legal evidence establishing how the insured became infected with the staphylococcic germ which caused his death. All of the evidence rests in surmise and conjecture and presumptions founded upon presumptions. All of this falls far short of meeting the legal requirement which rested upon plaintiff to maintain her cause by a preponderance of the evidence.

It is assigned for error and argued that the court erred in not permitting Dr. Wilson to testify as to what the insured told him as to how he came in contact with the septic matter which caused his fatal illness. Such statement was incompetent. In no sense did it form part of the *res gestæ*. This identical question was decided in *David v. Commercial Mut. Acc. Co.*, 166 Ill. App. 490, and *Globe Acc. Ins. Co. v. Gerisch*, 163 Ill. 625. Even had such statement been allowed, it was without probative force, because all the evidence demonstrates that the insured had no actual knowledge from whom or from what source the fatal germ got into his throat, or as to how long such germ had been in his system.

It is apparent from the foregoing that plaintiff having failed to sustain her action by any competent evidence, it is of no importance to the decision of this case what the court's rulings were upon the propositions of law and fact tendered by plaintiff's counsel to the trial judge.

The judgment of the Municipal Court is affirmed.

*Affirmed.*