## MARION STEAM SHOVEL CO v STRATTON

Ohio Appeals, 3rd Dist, Marion Co

No 790. Decided May 24, 1933

Guthery, Strelitz & Guthery, Marion, for plaintiff in error.

Carhart, Warner & Carhart, Marion, for defendant in error.

KLINGER, J.

This evidence, together with the other evidence and the testimony of the doctors, in the opinion of this court, was sufficient to require the submission of the question by the trial court to a jury, and in the face of the undisputed evidence upon these issues, the court would not be justified in interfering with the conclusion of the jury.

One ground of error complained of, was the admission of evidence, especially the testimony of the physicians which was premised in whole or in part upon information received from the patient, as well as to statements made by the patient. These statements were received by the physicians at a time when the physicians were giving him treatments for his affliction, and for the purpose of aiding the physicians in giving the treatments, and hence are proper, in the opinion of this court. The only authority that we have in support of this conclusion, is found in Shaughnessy v Holt, 86 NE 256, and **McAndrews v McAndrews, 19 Oh Ap, 265.**

The plaintiff in error also claimed error in the conduct of counsel for defendant in error in the making of remarks in argument which plaintiff in error claims were prejudicial.

The bill of exceptions does not show the argument made on·behalf of plaintiff in error and does not contain a complete transcript of the argument made on behalf of the defendant in error, but only a few statements from such argument. Such part of the argument as is shown, also shows the objections by the plaintiff in error, and that the court in each instance directed the attorney for the defendant in error to confine his remarks to the evidence.

We are of the opinion that the statements made in the argument come within the rule set forth in 2 **Ohio Jurisprudence at page 719,** in the following words:

"Since the control of counsel during argument is in some measure, at least, a matter of discretion of the trial court, improper argument is not ground for reversal unless the failure of the court to prevent it or to cure it, amounts to an abuse of discretion. This is particularly true where the reviewing court has not before it the argument of the opposing counsel and hence cannot determine as well as the trial court whether anything said by him may have provoked or justified the apparently improper statement."

This rule is partly based on the decision in the case of **Ohio and W. P. Dock Co. v Trapnell, 88 Oh St 516,** in which remarks by counsel in argument, and in the conduct of the suit statements much more inflammatory, were made and in which the court affirmed the judgment of the lower court as coming within the above rule. See also, **City of St. Bernard v Gohman, 10 Oh Ap, 402,** at pages 410 and 411. **Miami Conservancy District v Mitman et, 11 Oh Ap, 106,** at pages 110 and 111.

Following the rule above mentioned, we are of the opinion that there was no misconduct of counsel as shown by the record that constitutes such prejudicial error as would warrant this court in reversing the judgment of the court below.

For the reasons mentioned, the judgment is affirmed.

CROW, PJ, and GUERNSEY, J, concur.